COURT OF APPEALS
DECISION
DATED AND FILED

May 13, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2020AP537**

**STATE OF WISCONSIN**

Cir. Ct. No.  **2015CV2352**

**IN COURT OF APPEALS
DISTRICT IV**

U. S. BANK NATIONAL ASSOCIATION,

    PLAINTIFF-RESPONDENT,

  V.

PATRICIA ANN MURPHY AND PATRICIA GAFFNEY,

    DEFENDANTS-APPELLANTS,

JOHN DOE GAFFNEY, JOHN DOE MURPHY, DISCOVER BANK, ASSET ACCEPTANCE, LLC, UW MEDICAL FOUNDATION AND ASSOCIATED BANK, N.A.,

    DEFENDANTS.

APPEAL from a judgment of the circuit court for Dane County: FRANK D. REMINGTON, Judge. *Affirmed*.

Before Fitzpatrick, P.J., Blanchard, and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Patricia Ann Murphy and Patricia Gaffney, by counsel, appeal a judgment of foreclosure.  Murphy and Gaffney argue that the circuit court erred when, following an evidentiary hearing, the court found that they had failed to establish the causation element to satisfy the doctrine of unclean hands, which they asserted as an affirmative defense to foreclosure.  For the reasons discussed below, we affirm the judgment of the circuit court.

¶2      Murphy and Gaffney are the borrowers under a note and mortgage executed in 2007.  Foreclosure proceedings led to the entry of a summary judgment of foreclosure against them in September 2017.  Murphy and Gaffney filed a notice of appeal in this court.  We reversed and remanded for further proceedings, concluding that a genuine issue of material fact precluded summary judgment as to their affirmative defense based on the equitable doctrine of unclean hands.  *See* ***Nationstar Mortgage, LLC v. Murphy***, No. 2017AP2091, unpublished slip op. (WI App Dec. 20, 2018).  Pertinent to our decision was an affidavit by Murphy stating that she stopped making payments because a representative of the lender, Nationstar, told her during a phone call in the fall of 2014 to stop payments while a loan modification application was pending.  Nationstar argued that its own affidavits submitted in support of summary judgment contradicted Murphy's.[1]

---

[1] On October 23, 2017, Nationstar assigned all of its rights related to the note and mortgage, as well as Nationstar's rights with respect to this lawsuit and all judgments entered in it, to U.S. Bank National Association, the respondent in this appeal.

¶3      On remand, the circuit court held an evidentiary hearing on January 28, 2020. The court heard testimony from both Murphy and Gaffney, as well as from a representative who testified on behalf of the loan servicer. The court found that there was not enough evidence to establish that Murphy and Gaffney were told not to make their mortgage payments. Accordingly, the court found that they had failed to meet their burden of establishing unclean hands as an affirmative defense. *See Security Pac. Nat. Bank v. Ginkowski*, 140 Wis. 2d 332, 339, 410 N.W.2d 589 (Ct. App. 1987) (to defeat plaintiff in equity under the "unclean hands" doctrine, defendant must show that "the things from which the plaintiff seeks relief are the fruit of its own wrongful or unlawful course of conduct." (quoted source omitted)). The court entered a judgment of foreclosure against the appellants, and this appeal follows.

¶4      Whether to grant equitable relief under the doctrine of unclean hands is a matter within the circuit court's discretion. *Timm v. Portage Cnty. Drainage Dist.*, 145 Wis. 2d 743, 752, 429 N.W.2d 512 (Ct. App. 1988). We will affirm the circuit court's exercise of discretion "if it examined the relevant facts, applied the correct standard of law and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Randall v. Randall*, 2000 WI App 98, ¶7, 235 Wis. 2d 1, 612 N.W.2d 737. The record reflects that the circuit court did so here.

¶5      The circuit court identified the applicable legal standard, citing *Ginkowski*, 140 Wis. 2d at 339, which provides, "For relief to be denied a plaintiff in equity under the 'clean hands' doctrine, it must be shown that the alleged conduct constituting 'unclean hands' *caused* the harm from which the plaintiff seeks relief." (Emphasis added.) The circuit court considered the relevant facts in

evidence and determined that Murphy and Gaffney had failed to establish the required causation element of the unclean hands doctrine.

¶6    Evidence that the circuit court considered included testimony by Murphy about the phone call with a representative of the lender or loan servicer in the fall of 2014 during which, Murphy testified, she was told to stop making mortgage payments. The court made a finding that Murphy was credible in testifying "that words were said that gave her a reason to believe [that in order] to become eligible for a loan modification, the loan must be in default." Murphy and Gaffney seize on the court's credibility finding on this point, arguing that it contradicts other findings made by the court and warrants reversal. We disagree.

¶7    Immediately after making the statement about Murphy's credibility referenced above, the circuit court further stated, "I do not have sufficient evidence to make the finding that statements were made to clearly instruct her that she should not make any payments during the loan modification because that will screw up your loan modification." The court went on to explain that to make such a finding would be directly inconsistent with other facts in evidence, notably that Murphy went on to make payments anyway. The court stated, "That she made the payment tells me that whatever was said about partial payments was ambiguous enough or not so clear that she went ahead and made those payments anyway."

¶8    The phone call that took place in the fall of 2014 was only one of several facts that the circuit court considered and weighed in making its determination that the equitable doctrine of unclean hands did not prevent the court from entering a judgment of foreclosure against Murphy and Gaffney. The court stated that it was an "unfortunate situation" and "shouldn't have happened," but ultimately concluded that the statements made in the phone call did not make

the difference that Murphy and Gaffney suggested it did. The court considered several other relevant facts on the record, including but not limited to "the overall financial position of the parties, the passage of time, and the position of the parties" at the time of the hearing. It was within the circuit court's discretion to consider the credibility of the witnesses and to weigh the facts in evidence. *See* WIS. STAT. § 805.17(2) (2019-20)[2] (when the circuit court acts as the finder of fact, the court's factual findings will be upheld unless clearly erroneous, and due regard shall be given to the opportunity of the court to judge the credibility of the witnesses). Generally, this court does not reweigh evidence or assess credibility, *see **Dickman v. Vollmer***, 2007 WI App 141, ¶14, 303 Wis. 2d 241, 736 N.W.2d 202, and there is nothing in the appellate briefing or the record that persuades us that we should do so here.

> *By the Court.—*Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.